[Cite as *State v. Erhardt*, 2020-Ohio-5328.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| KENNETH J. ERHARDT, | : | Case No. 2019 CA 00047 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Fairfield County
                                   Court of Common Pleas, Case No.
                                   2018 CR 361


JUDGMENT:                          Affirmed


DATE OF JUDGMENT:                  November 18, 2020


APPEARANCES:

For Plaintiff-Appellant                   For Defendant-Appellee

R. KYLE WITT                              MARK J. MILLER
Fairfield County Prosecuting Attorney     Law Offices of Mark J. Miller, LLC
                                          555 City Park Avenue
By: Brian T. Waltz                        Columbus, Ohio 43215
Assistant Prosecuting Attorney
239 West Main Street, Suite 101
Lancaster, Ohio 43130

*Baldwin, J.*

{¶1}   Plaintiff-appellant State of Ohio appeals from the October 3, 2019 Entry of the Fairfield County Court of Common Pleas granting defendant-appellee Kenneth J. Erhardt's Motion to Dismiss.

STATEMENT OF THE FACTS AND CASE

{¶2}   On May 31, 2018, the Fairfield County Grand Jury indicted appellee on three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) and (B), felonies of the third degree, and one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. The indictment alleged that the one of the offenses of gross sexual imposition and the offense of rape occurred on or about September 1, 2006 to November 1, 2006 and that the other offenses occurred on September 1, 2006. The victims of the offenses were two minors. At his arraignment on June 14, 2018, appellee   entered    a plea of not guilty to the charges.

{¶3}   On October 5, 2018, appellee filed a Motion to Dismiss. Appellee, in his motion, noted that on March 3, 2014, he had been charged by criminal complaint with two counts of rape pursuant to R.C. 2907.02(A)(1)(b), both felonies of the first degree. On March 6, 2014, appellant had filed a nolle prosequi without prejudice pending further investigation. Appellee and his wife then moved to South Carolina.

{¶4}   Appellee further noted that, on January 25, 2016, he had filed an application to seal the record of the dismissal pursuant to R.C. 2953.52(A)(1) and the matter proceeded to hearing on July 11, 2016. The trial court overruled appellee's application pursuant to an Entry filed July 14, 2016, finding it lacked authority to seal the record pursuant to R.C. 2953.52(B)(3) because the statute of limitations pertinent to the

underlying allegations had not yet expired. Appellant had not, at the time, refiled any charges arising from the allegations. This Court, in an Opinion filed on November 7, 2017, reversed the judgment of the trial court and remanded the matter to the trial court for further proceedings. See *State v. Erhardt,* 5th Dist. Fairfield No. No. 16–CA–31, 2017-Ohio-8456. Appellee, in his Motion to Dismiss, alleged that on June 8, 2016, the date of the new hearing on the request for sealing of the record, his counsel appeared and was handed a copy of the current indictment.[1] Appellee, in his Motion to Dismiss, alleged that appellant's delay in indicting him violated the Fifth Amendment Due Process Clause of the United States' Constitution and Article I, Section 16 of the Ohio Constitution. Appellant filed a response to appellee's motion on March 14, 2019, arguing that the only people who had been prejudiced by the delay were the State of Ohio and the victims. Appellee filed a supplemental memorandum in support of his Motion to Dismiss on March 21,2019. In such motion, appellee argued that his constitutional speedy trial rights had been violated.

{¶5}   At the March 21, 2019 hearing, appellee's counsel argued that the victims in his case had attended a daycare center called Jellybean Junction and that the center had seven-year retention policy. Counsel argued that the date of the complaint arrest was March 4, 2014 and that the seven year look back would be March 4, 2007. He further noted that the allegations of abuse were alleged to have occurred on or about September 1, 2006 to November 1, 2006. Counsel argued, in relevant part, as follows:

---

[1] At the time, appellee was residing in South Carolina and the trial court had granted his request to waive his appearance.

**{¶6}** However, these types of allegations, there should be trauma and odd behavior documented for a substantial period of time, especially in light of the fact that the alleged victims in this case didn't put anyone on notice and didn't start demonstrating odd behavior until years later.

**{¶7}** So we could have secured good records to support our client's position that these alleged victims were not victims, in fact. We are prejudiced by the fact that the State has waited over four years to indict the Defendant.

**{¶8}** Transcript of March 21, 2019 hearing at 92. Appellee's counsel also argued that if appellee had been indicted back in 2014, " we could have subpoenaed Jellybean Junction when they were still in business, and we could have pulled the records." Transcript of March 21, 2019 hearing at 102. Counsel also argued that appellee's employment records could have provided evidence as to whether or not appellee, who claimed to have shingles, missed work due to the same, but that the company was out of business.

**{¶9}** A hearing on appellee's motion to dismiss on constitutional grounds and other motions was held on May 9, 2019. At the hearing, appellee presented evidence on the alleged prejudice caused by the preindictment delay. Appellee's first witness was Timothy Ryan Jenkins, treasurer and chief financial officer with the Pickerington Local School District Board of Education who was the records custodian. The alleged prejudice that was attempted to be demonstrated though this witness was the loss of school records for both victims. With respect to one of the victims, there was testimony that she had graduated in 2017 and that "substantially most of those records should be contained in

her file." Transcript of May 9, 2019 hearing at 35. With respect to the other victim, her records would have been gone before 2014.

{¶10}   The other witness to testify was Charlene McCreary, the practice manager for a medical practice that included Dr. Marc Carroll, a family doctor. She testified that their records are kept for up to ten years unless you were a current patient and then they were kept as long as you were a patient and then ten years thereafter. McCreary was asked a hypothetical question regarding a patient who saw Dr. Carroll in 2006 to 2007 but was no longer an existing patient. She testified that Dr. Carroll would not have records for such patient available as of 2018, but that the records should have been available in 2014. McCreary testified that the office switched to digital records in 2006 and that digital records would still be in existence beginning sometime in late 2006 or early 2007.  She testified that they had no record that appellee, who claimed to have shingles in 2006, was ever a patient and that any medical records they had would have  would have been transferred to appellee's next doctor if appellee had been to a doctor within the following ten years.

{¶11}  Appellee did not call any witnesses at the hearing and did not testify at the hearing.

{¶12}  The trial court, pursuant to an Entry filed on August 27, 2019, noted that appellee attempted to present evidence that he was treated for shingles around the time of the alleged sexual abuse and that it would have been unlikely for him to have engaged in sexual activity and that no records existed that appellee went to Dr. Carroll for any medical treatment. The trial court found that appellee had demonstrated actual prejudice as it related to medical evidence about appellee allegedly having shingles.  The trial court

scheduled a hearing for September 3, 2019 so that appellee could present evidence setting forth reasons for its delay in prosecuting appellee.

{¶13} At the September 30, 2019 hearing, appellant argued, in relevant part, as follows in discussing the delay:

{¶14} This case has gone on for a significant period of time so that I'm not able to fully remember that.

{¶15} But this case was reviewed by a prior administration from our office back in 2014.

{¶16} In my eyes- - and I say this as a Prosecutor with approximately 18 years of experience - - they made just a bad decision in terms of not prosecuting this case. I'm not going to go into the reasons why. Short, as it is to say, that it seems to me that this was a case that obviously should have been indicted at the time. And I say that to lead to the point that the State can't point to any new evidence. I want to make it clear to the Court that there was no additional evidence that that State presented. It's simply inexcusable that the people who reviewed this case before did not proceed, in my opinion.

{¶17} Given my evaluation of the evidence - - and, of course, I understand there's never any guarantees about anything, so I don't mean to garner that there was ever any guarantee of any specific outcome. As I tell any witness or police officer, you never know what is going to happen. But based on that, I felt it was a significant fault of them to not go forward.

{¶18} Our administration, which the Court is aware, came in the office with pretty much an entirely brand new office on January 2nd of 2017. It wasn't until some period shortly thereafter that, frankly, I became aware of this case in any way, shape or form.

There was nothing that would have alerted the State, at least at that point, given the way our file management system works, to the case but for the fact that we received a Court of Appeals decision regarding the expungement of this case, which then caused myself to review it.

**{¶19}** Transcript of September 30, 2019 hearing at 6-7.

**{¶20}** As memorialized in an Entry filed on October 3, 2019, the trial court granted appellee's Motion to Dismiss the Indictment and dismissed the same with prejudice. In its Entry, the trial court stated that appellant had not called any witnesses and no testimony was taken at the September 30, 2019 hearing and that it found that the State was "unable to present a justifiable reason for the pre-indictment delay in his case." The trial court also found that appellee's speedy trial rights had been violated

**{¶21}** Appellant now appeals, raising the following assignment of error on appeal[2]:

**{¶22}** "I. THE TRIAL COURT ERRED IN FINDING THAT APPELLEE HAD MET HIS BURDEN OF PROVING ACTUAL PREJUDICE RELATED TO THE PRE-INDICTMENT DELAY."

I

**{¶23}** Appellant, in its sole assignment of error, argues that the trial court erred in finding that appellee had met his burden of proving actual prejudice relating to pre-indictment delay.

**{¶24}** As is stated above, the trial court also found that appellee's constitutional speedy trial rights had been violated. Appellant did not assign as error the trial court's decision to dismiss the complaint on speedy trial grounds.

---

[2] Appellant's appeal is an appeal as of right pursuant to R.C. 2945.67.

**{¶25}** In *Barker v. Wingo,* 407 U.S. 514,  92 S.Ct. 2182, 33 L.Ed.2d 10, In *Barker,* the Court identified factors for a court to evaluate if a defendant argues his speedy-trial rights have been violated:

> A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

**{¶26}** *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

**{¶27}** The defendant has the burden of demonstrating prejudice. *United States v. Lawson* 780 F.2d 535, 541–542(6th Cir.1985). A lengthy delay in prosecuting the defendant, by itself, does not constitute actual prejudice. The defendant must demonstrate how the length of the delay has prejudiced his ability to have a fair trial. *United States v. Norris,* 501 F.Supp.2d 1092, 1096(S.D.Oh.2007). In *United States v. Wright,* 343 F.3d 849, 860(6th Cir.2003), the Court held that loss of memory is insufficient to establish prejudice as a matter of law.

**{¶28}** Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy-trial provisions involves a mixed question of law and fact. *State v. Larkin,* 5th Dist. Richland No. 2004–CA–103, 2005–Ohio–3122, ¶ 11. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. *Id.* With regard to the legal issues, however, we apply

a *de novo* standard of review and thus freely review the trial court's application of the law to the facts. *Id.*

{¶29}  In the case sub judice, there was an over four year delay between when a criminal complaint was filed against appellee and when the indictment was prepared and issued to appellee. The trial court found that appellee had suffered prejudice by the delay and that appellant had failed to present a justifiable reason for the delay. We agree.

{¶30}  As is stated above, appellee argued that, due to the delay, he was unable to obtain medical records that might have supported his claim that he had shingles and would have been unlively to engage in sexual activity. The trial court found that appellee had presented evidence that his medical records would have still been available except for the delay and that the fact that they were no longer available was prejudicial. Moreover, when given a chance to explain the reason for the delay, appellant was unable to provide a justifiable reason and admitted that the "prior administration" had made a "bad decision in terms of  not prosecuting this case."

{¶31}  Based on the foregoing, we find that the trial court did not err in dismissing the case for a speedy trial violation.

{¶32}  Appellant's sole assignment of error is, therefore, overruled.

{¶33} The judgment of the Fairfield County Court of Common Pleas is, therefore, affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, Earle, J. concur.